47 CCPA

**FAIRCHESTER PACKING CO., Inc.**

v.

**D'ARRIGO BROS. CO. OF CALIFORNIA.**

**Patent Appeal No. 6577.**

United States Court of Customs and Patent Appeals.

June 1, 1960.

John P. Chandler, New York City, for appellant.

Charles R. Allen, Jr., Washington, D. C. (William G. MacKay, San Francisco, Cal., of counsel), for appellee.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

WORLEY, Chief Judge.

Appellant seeks to register "Danny Boy" for use on fresh tomatoes. Appellee opposes on grounds of long prior registration and use of the trademark "Andy Boy" on a variety of food products including fresh vegetables. Both "Danny Boy" and "Andy Boy", as used, are accompanied by a picture of a smiling boy.

In view of the nature of the goods and priority of use, the sole question is whether concurrent use of the marks would likely result in confusion within the meaning of Section 2(d) of the Lanham Act, 15 U.S.C.A. § 1052(d).

The examiner sustained the opposition, stating that

"The marks 'Danny Boy' and 'Andy Boy' are similar in composition and they are to some extent similar in connotation, in that each thereof is suggestive of a small boy. Moreover, these marks bear a marked resemblance in sound; and aside from any other consideration, it is the opinion of the examiner that the resemblance between them in the latter respect alone is such that their

---

[1]. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge* *O'Connell*, pursuant to provisions of Section 294(d), Title 28 U.S.C.

contemporaneous use for the specified goods would at least be reasonably likely to cause confusion in trade."

In affirming the examiner's action, the Commissioner, through the Assistant Commissioner, observed that

"The record shows that opposer's mark 'Andy Boy' has been used on fresh vegetables and fruit, including tomatoes, for many years; such vegetables and fruit have been sold in large quantities; and the vegetables and fruit have been extensively advertised to wholesalers and jobbers through trade journals and to the consuming public through newspapers and radio. Opposer has at all times used on its labels the picture of a smiling young boy in association with its 'Andy Boy' trademark.

"Applicant's president was familiar with opposer's trademark 'Andy Boy' before 'Danny Boy' was adopted for use on tomatoes. Applicant uses on its labels and cartons for tomatoes the picture of a smiling young boy, though not always the same boy.  *  *  *

"The mark 'Danny Boy' so resembles 'Andy Boy' as to be likely, when applied to fresh tomatoes, to cause confusion, mistake, or deception of purchasers; and when consideration is given to the 'hurly-burly' of the fresh produce market and the fact that practically all transactions in fresh produce at the jobber level (where trademarks for such products are really important and meaningful) are conducted by telephone, confusion and mistake will be inevitable."

We have given full consideration to appellant's brief and oral argument but find nothing to disturb the holding below. While there are obviously some dissimilarities between the two marks, their similarities outweigh their differences to such an extent as to result in a likelihood of confusion when applied to the instant goods.

The decision is affirmed.

Affirmed.